IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3405-FL

| | |
|---|---|
| LAMATE SHERRON ANDERSON and EVERY INMATE OF STATE OF NORTH CAROLINA, | )<br>)<br>) |
| Plaintiffs, | )        ORDER |
| v. | ) |
| KIMBERLY D. GRANDE, D. CLARK, OFFICER GILLIAM, and N.C. DEPARTMENT OF PUBLIC SAFETY, | )<br>)<br>) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on November 8, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leaving to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Here, plaintiff asserts various claims challenging his conditions of confinement, his transfer to a new correctional facility, defendants' alleged failure to provide rehabilitation programming, misappropriation of his and other inmates' personal property, denial of access to the courts, and other violations of North Carolina Department of Adult Corrections policy. Plaintiff asserts these

2

claims on behalf of himself and "every inmate of [the] State of North Carolina." (DE 1 at 1).

As a threshold issue, plaintiff cannot represent other inmates in this action where he is proceeding pro se. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."); see also Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005); Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005). The court therefore dismisses plaintiffs "every inmate of State of North Carolina" and all claims plaintiff attempts to allege solely on behalf of other inmates. The court does not further address any claims plaintiff brings on behalf of others and that do not relate to his individual circumstances.

As for plaintiff's individual claims, he first alleges that defendants violated his constitutional rights by transferring to a new facility and housing him on a custody level that was too restrictive. This claim is without merit where plaintiff does not have a constitutional right to placement in a particular correctional facility or custody level. Wilkinson v. Austin, 545 U.S. 209, 221–222 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224–25 (1976). In addition, plaintiff does not allege that the transfer imposed an atypical and significant hardship in relation to the ordinary incidents of prison life, as required to establish a claim under the Fourteenth Amendment. See Sandin v. Conner, 515 U.S. 472, 22 (1995); see also Wilkinson, 545 U.S. at 222–23.

Related to the transfer claim, plaintiff obliquely alleges defendants denied him access to the courts by transferring him while his grievances were still being processed at the prior institution, which prevented him from filing a state tort claim regarding lost property. This claim is belied by plaintiff's own exhibit to the complaint, which shows that he was allowed to exhaust

3

the grievance notwithstanding his transfer. (See DE 1-1 at 3).[1] In addition, a claim alleging denial of access to the courts requires allegations describing both the underlying cause of action and its lost remedy. See Christopher v. Harbury, 536 U.S. 403, 414–16 (2002). In the context presented here of a backward-looking claim, plaintiff must "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." See id. at 415. Plaintiff has not alleged this element of the claim or otherwise explained why he could not have pursued a state tort claim given that he did exhaust administrative remedies.[2]

To the extent plaintiff is attempting to assert claims premised on lost or destroyed property, those claims also must be dismissed. Importantly, plaintiff at most alleges the loss of property due to random and unauthorized acts by state employees. See Bogart v. Chapell, 396 F.3d 548, 559 (4th Cir. 2005). He does not allege that defendants were acting pursuant to an established state procedure allowing them to dispose of inmate property or that they were required to provide pre-deprivation procedural safeguards, as required to state a due process violation. See id. at 559–63. Nor does plaintiff allege inadequate post-deprivation remedies. See id.; see also Zinermon v. Burch, 494 U.S. 113, 125 (1990).

In this context, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."

---

[1] The Department of Adult Correction employs a three-step administrative remedy program, with "step 3" representing the final level of administrative review. See DPS, Policy & Procedure Manual, Subchapter G, § 0300 et seq., available at https://public.powerdms.com/NCDAC/tree/documents/2145373; see also Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (describing policy). The grievance attached to the complaint represented the final denial at step three. (DE 1-1 at 3).

[2] To the extent plaintiff is alleging defendants failed to provide an adequate grievance procedure, such claim is without merit. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure.")

4

Hudson v. Palmer, 468 U.S. 517, 533 (1984). North Carolina state law provides plaintiff with an adequate post-deprivation remedy. See Wilkins v. Whitaker, 714 F.2d 4, 7 (4th Cir. 1983) (discussing procedures available under North Carolina law). And where such process is available for plaintiff's claim, he also cannot establish a violation of his substantive due process rights. See Front Royal & Warren Cnty. Indus. Park Corp. v. Town of Front Royal, Va., 135 F.3d 275, 287–88 (4th Cir. 1998); Love v. Pepersack, 47 F.3d 120, 123 (4th Cir. 1995) (holding substantive due process violation occurs "only where the state courts can do nothing to rectify the injury that the state has already arbitrarily inflicted").

Turning next to the allegations regarding mishandling of mail, plaintiff does not allege that any of his own personal mail was handled improperly, or that defendants' "own individual actions" caused the mail to be mishandled. See Iqbal, 556 U.S. at 676. The court therefore dismisses this claim.

Plaintiff also alleges that prison officials have failed to provide him and other inmates with rehabilitation programming, prison employment, and related services. However, inmates do not have a constitutional right to particular rehabilitation programs or employment positions. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (concluding that inmates do not have a constitutional right to access educational or rehabilitative programs); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) (per curiam) (holding "work assignments of prisoners . . . are matters of prison administration, within the discretion of the prison administrators" and do not implicate the Due Process Clause of the Fourteenth Amendment); see also Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986); Johnson v. Knable, No. 88-7729, 1988 WL 119136,

5

at *1 (4th Cir. Oct. 31, 1998). And to the extent the claim is that defendants violated internal departmental policies requiring access to such programs, such violations of state law or administrative policy do not rise to the level of a constitutional violation. Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by the law is not a federal due process issue."); Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation.") Accordingly, this claim also is without merit.

Turning to plaintiff's conditions of confinement claims, he alleges that the drinking water at unidentified correctional facilities is unsafe, and that a medical official denied his requests to check his blood sugar. Plaintiff again fails to allege facts establishing the named defendants were responsible for these alleged deprivations. See Iqbal, 556 U.S. at 676. Relatedly, plaintiff has not alleged defendants were deliberately indifferent to any water quality issues. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). And to the extent plaintiff alleges defendants failed to conduct blood sugar checks on one day, these conclusory allegations do not establish a claim for deliberate indifference to serious medical needs. See Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

Finally, plaintiff asserts claims against defendants in their official capacities. Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (internal quotation omitted). And in the context here, neither States nor state officials acting in their

6

official capacities are "persons" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, these claims are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).[3]

## CONCLUSION

Based on the foregoing, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of August, 2023.

LOUISE W. FLANAGAN
United States District Judge

---

[3] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).